# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JOHN SATCHELL,
            Appellant,

            v.

DEPARTMENT OF JUSTICE,
            Agency.

DOCKET NUMBER
SF-1221-22-0128-W-2

DATE: August 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Clairanne Wise</u>, Esquire, and <u>Judson R. Peverall</u>, Esquire, Springfield, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1    The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which denied the appellant corrective action in his individual right of action appeal. On petition for review, the appellant argues, among other things, that the administrative judge erred in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

finding that he did not make a protected disclosure around August 2012 and did not establish contributing factor regarding his non-selection for a position in Bern, Switzerland or transfer to Seattle, Washington. On cross petition for review, the agency argues, among other things, that the administrative judge erred in finding that the appellant was perceived to be a whistleblower and in finding that the appellant made protected disclosures in his fall 2009 interview with the Office of Professional Responsibility (OPR). Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. Except as expressly MODIFIED to apply the knowledge/timing test to the appellant's Seattle transfer and find that the appellant did not satisfy that test, we AFFIRM the initial decision.

¶2 The agency contends in its cross petition for review, citing pre-Whistleblower Protection Enhancement Act (WPEA) case law from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), that the administrative judge erred in finding that the appellant made protected disclosures in his fall 2009 interview with OPR, because disclosures made as part of one's normal duties are not protected as a matter of law. Petition for Review (PFR) File, Tab 6 at 17-19. Although we disagree with the agency's position regarding the

appellant's fall 2009 disclosures, we agree with the agency that, in the initial decision, the administrative judge contradicted his earlier jurisdictional ruling that the Board lacked jurisdiction over the appellant's OPR interview.[2] *Id.* at 17; *Satchell v. Department of Justice*, MSPB Docket No. SF-1221-22-0128-W-1, Initial Appeal File (IAF), Tab 25 at 10-11; *Satchell v. Department of Justice*, MSPB Docket No. SF-1221-22-0128-W-2 (W-2 AF), Tab 2 at 2, Tab 15, Initial Decision (ID) at 16-17. The agency was thus deprived of fair notice that the interview would be at issue. The administrative judge's contradiction of his jurisdictional finding did not, however, prejudice the agency, because we agree with the administrative judge that the appellant did not show that his OPR interview was a contributing factor in his September 2012 Seattle transfer—the only personnel action which the appellant challenges on review postdating that interview.[3] ID at 24-25; PFR File, Tab 3 at 5, 18, Tab 9 at 4.

---

[2] In arguing that the appellant's 2009 OPR interview could not have included protected disclosures because it was made as part of his normal job duties, the agency relies, as did the administrative judge in initially finding disclosures made during the interview not protected, on the Federal Circuit decision in *Fields v. Department of Justice*, 452 F.3d 1297 (Fed. Cir. 2006). PFR File, Tab 6 at 17-19; *Satchell v. Department of Justice*, MSPB Docket No. SF-1221-22-0128-W-1, Initial Appeal File, Tab 25 at 10-11. In *Fields*, 452 F.3d at 1305, the Federal Circuit relied on its earlier decision in *Huffman v. Office of Personnel Management*, 263 F.3d 1341, 1351-54 (Fed. Cir. 2001), which held that certain disclosures made as part of an employee's normal duties were not protected under the Whistleblower Protection Act (WPA). But section 101 of the WPEA superseded *Huffman* by clarifying, in relevant part, that disclosures made during the normal course of an employee's duties were not excluded from 5 U.S.C. § 2302(b)(8) coverage if a personnel action was taken in reprisal for the disclosure. Pub. L. 112-199, § 101(b)(2)(C), 126 Stat. 1465, 1466 (2012) (codified in relevant part, as amended, at 5 U.S.C. § 2302(f)(2)). In *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 10-26 (2013), the Board held that the clarification of the term "disclosure" in the WPA by section 101 of the WPEA could be applied retroactively, and that *Huffman*'s narrow definition of "disclosure" did not have the force of settled law. Thus, even if the appellant's OPR interview would not have contained a protected disclosure under *Huffman* and *Fields*, in neglecting to consider the clarifying effect of the WPEA as described in *Day*, the administrative judge thus erred in initially concluding that the OPR interview could not contain a protected disclosure as a matter of law.

[3] The administrative judge found that, although it was not clear when the Bern selection was made, the selection preceded the appellant's fall 2009 OPR interview, and it was thus unnecessary to evaluate whether the interview caused the appellant's non-selection.

¶3     Because, however, the administrative judge did not fully apply the knowledge/timing test in his analysis of contributing factor regarding the Seattle transfer, we do so here. ID at 24-25. The Board has found that personnel actions alleged to have begun within 1 to 2 years of an appellant's protected disclosures satisfy the timing prong of the knowledge/timing test. *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 20. Each of the appellant's real or perceived disclosures preceded his transfer by well over 2 years, which was too large a gap to satisfy the test. *Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (finding personnel actions over 2 years and over 3 years removed from an appellant's disclosure too remote to satisfy the knowledge/timing test).

¶4     The Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, the administrative judge shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). The administrative judge considered such other evidence in finding that the appellant still did not establish contributing factor regarding the transfer to Seattle. ID at 25. The appellant provides no reason to disturb the administrative judge's findings.

---

W-2 AF, Tab 15, Initial Decision at 14 n.9. Although the evidence on which the administrative judge based this conclusion was meager, *id.*, a September 2009 agency memorandum shows that the appellant was not among the selecting official's top three candidates, indicating that he was likely out of the running before his OPR interview in October and November 2009. IAF, Tab 13 at 30, Tab 23 at 145. We thus agree that it was unnecessary to determine whether the appellant's OPR interview was a contributing factor in his non-selection for the Bern position. *See Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015) (stating that a disclosure that occurs after the personnel action at issue cannot be a contributing factor in that personnel action).

¶5    Finally, we find that the appellant provides no sufficiently sound reason to overturn the credibility determinations upon which the administrative judge concluded that he did not make protected disclosures to the Assistant Special Agent in Charge (ASAC) around August 2012.  ID at 22; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  We thus need not consider whether the appellant's alleged conversation with the ASAC around August 2012 was a contributing factor in his Seattle transfer.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.